IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

BRANDON WALKER,

    Plaintiff,

v.                                                           CASE NO. 1:13-cv-59-MW-GRJ

MICHAEL SCHENTRUP, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se* and *in forma pauperis*, is proceeding pursuant to a Third Amended Complaint (Doc. 15) wherein he alleges that prosecutor Adam Urra; probation officer Sarah Bowie; and Gainesville Police Department Sergeant Michael Schentrup violated his constitutional rights. Defendants Urra and Schentrup have been served, and each has filed a motion to dismiss Plaintiff's Third Amended Complaint. (Docs. 25, 28.)

The Court previously directed service on Plaintiff's behalf (Doc. 18), but the summons was returned unexecuted as to Defendant Bowie. The documents ordered to be served upon Defendant Bowie at the address provided by Plaintiff were returned with the notation "No longer works here, no forwarding address." (Doc. 20.) The Court then directed Plaintiff to provide an address for Defendant Bowie so that service could be executed, and gave Plaintiff a deadline of January 13, 2014, to provide the address. (Doc. 21.) When no address had been provided by that date, the Court entered an Order to Show Cause on January 27, 2014, directing Plaintiff to show cause on or before February 10, 2014, why Defendant Bowie should not be dismissed from the

case. (Doc. 27.) Plaintiff was warned on multiple occasions that failure to comply with the Court's Order would result in a recommendation that the case be dismissed as to Defendant Bowie. (Docs. 21, 27.)

To date, Plaintiff has failed to provide the Court with an address for Defendant Bowie or request an extension of time to do so. Defendant Bowie has still not been served. Fed. R. Civ. P 4(m) provides that "if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff shall dismiss the action without prejudice as to that defendant or order that service be made within a specified time." The 120-day deadline has long since passed since Plaintiff filed the complaint nearly one year ago.

Plaintiff has failed to serve Defendant Bowie and has failed to comply with the Court's Order to provide an address. A trial court has inherent power to dismiss a case *sua sponte* for failure to prosecute. Link v. Wabash Railroad, 370 U.S. 626 (1962); Eades v. Alabama Dept. of Human Resources, 298 Fed. Appx. 862 (11th Cir. 2008) (district court has discretion to dismiss case *sua sponte* where plaintiff has failed to comply with court orders and was on notice that such failure may result in dismissal).

Accordingly, it is respectfully **RECOMMENDED** that this case be dismissed as to Defendant Bowie for failure to comply with an order of the Court and for failure to prosecute.

**IN CHAMBERS**, at Gainesville, Florida, this 18th day of February 2014.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**