IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

BRANDON WALKER,

      Plaintiff,

v.                                                                      CASE NO. 1:13-cv-59-MW-GRJ

MICHAEL SCHENTRUP, et al.,

      Defendants.

_____/

## ORDER AND REPORT AND RECOMMENDATION

Pending before the Court is Defendant Schentrup's Motion to Dismiss (Doc. 25); Defendant Urra's Motion to Dismiss (Doc. 28); and Plaintiff's motion for leave to amend his complaint.  (Doc. 31).  For the reasons discussed below, Plaintiff's motion to amend is due be granted; Defendant Schentrup's motion to dismiss is to due to be denied as moot; and Defendant Urra's motion to dismiss is due to be granted.

## I.  BACKGROUND

In his Third Amended Complaint, Plaintiff ("Brandon Walker, as trustee of Brandon Terence Walker Living Trust"), sues Gainesville Police Department (GPD) officer Lt. Michael Schentrup; state probation officer Sarah Bowie; and state prosecutor Adam Urra.  Plaintiff alleges that on December 29, 2010, Defendant Bowie arrived at his apartment with GPD officers to conduct a warrantless probationary search at the request of Defendant Schentrup.  The basis of the search was information Defendant Schentrup received from the Florida Department of Law Enforcement that a latent print match for Plaintiff had been found and Plaintiff might be in possession of firearms.  The

search of Plaintiff's residence produced a handgun, bullets, cocaine, and a small amount of marijuana.  After the search, Plaintiff was taken into custody and spent 109 days incarcerated at the Alachua County Jail.  Plaintiff then alleges that he had a violation of probation hearing and the judge vacated a prior 36-month sentence and granted a motion to suppress.  Plaintiff was released from jail April 12, 2011.

Plaintiff's claims against Defendants Schentrup and Bowie revolve around the search and subsequent arrest.  As to Defendant Urra, Plaintiff alleges that the Assistant State Attorney "failed to solicit any solid and indubitable evidence before filing frivolous charges" and then, months after Plaintiff's release, "filed charges on an almost cold gun case to place the defendant back in jail."  (Doc. 15, pp. 4-5.)  Plaintiff describes his claims as: (1) malicious prosecution; (2) false arrest; (3) the right to bear arms; and (4) malfeasance.  For relief, Plaintiff seeks "injunctive relief from all officers in the district," $1.5 million in compensatory damages, and unspecified declaratory relief.  (Doc. 15.)

Defendants Schentrup and Urra have been served and have each filed a motion to dismiss.  (Docs. 25, 28.)  A Report and Recommendation recommending that Defendant Bowie be dismissed from the case (for Plaintiff's failure to effect service of process) is currently pending.  (Doc. 29.)

## II.  DEFENDANTS' MOTIONS TO DISMISS & PLAINTIFF'S MOTION TO AMEND

Defendant Schentrup has moved to dismiss Plaintiff's Third Amended Complaint on two grounds, each rooted in Plaintiff's decision to file suit *pro se* as "Brandon Walker, as trustee of Brandon Terence Walker Living Trust."  Defendant Schentrup

argues that: (1)  a lawsuit filed by a trust may not be filed without attorney representation; and (2) the trust lacks standing to assert the claims set forth in Third Amended Complaint.  (Doc. 25.)

Defendant Urra has moved to dismiss on the same grounds asserted by Defendant Schentrup.  Defendant Urra also argues that Plaintiff has failed to state a claim, because even if the trust were represented by counsel and could establish standing, the claims against him are due to be dismissed because he is entitled to absolute prosecutorial immunity.  (Doc. 28.)

After Defendants Schentrup and Urra filed their motions to dismiss, and after the Court ordered Plaintiff to show cause why no response to the motion to dismiss had been filed (Doc. 30), Plaintiff filed a motion to amend his complaint (Doc. 31.)  Plaintiff seeks to amend his complaint because he "erroneously filed the Third Amended Complaint in the improper capacity as Trustee of the Brandon-Terence: WALKER Living Trust (8-19-2013) and failed to cited a federal statute on which to provide jurisdiction for the claims."  (Doc. 31, p. 1.)  Plaintiff also notes unspecified "other factors" that have changed his position and call for leave to amend.

### III.  STANDARD OF REVIEW

In passing on a motion to dismiss under Rule 12(b)(6), the Court is mindful that "[d]ismissal of a claim on the basis of barebones pleadings is a precarious disposition with a high mortality rate."  *Int'l Erectors, Inc. v. Wilhoit Steel Erectors Rental Serv.*, 400 F.2d 465, 471 (5th Cir. 1968).  For the purposes of a motion to dismiss, the Court must

view the allegations of the complaint in the light most favorable to plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom. *See, e.g., Jackson v. Okaloosa County, Fla.*, 21 F.3d 1532, 1534 (11th Cir.1994). Furthermore, the Court must limit its consideration to the complaint and written instruments attached as exhibits.  Fed R. Civ. P. 10(c); *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir.1993).

In *Ashcroft v. Iqbal*, 556 U.S. 662, 680-84 (2009), the Supreme Court articulated a two-pronged approach for evaluating a motion to dismiss under Rule 12(b)(6): The court must first determine what factual allegations in the complaint are entitled to a presumption of veracity, and then assess whether these facts give rise to an entitlement for relief.  In determining whether factual allegations are entitled to the presumption of truth, the Court stated that it was not whether the facts are "unrealistic or nonsensical" or even "extravagantly fanciful," but rather it is their conclusory nature that "disentitles them to the presumption of truth."  *Iqbal*, 129 S.Ct. at 1951. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546 (2007). "While the pleadings of *pro se* litigants are 'liberally construed,' they must still comply with procedural rules governing the proper form of pleadings."  *Hopkins v. Saint Lucie County School Bd.,* 2010 WL 3995824, **1 (11th Cir. 2010) (unpublished) (citations

omitted) (applying pleading standards of *Iqbal* and *Twombly* to *pro se* complaint).[1]

## IV.  DISCUSSION

### A.  Defendant Schentrup's Motion to Dismiss (Doc. 25) and Plaintiff's Motion to Amend (Doc. 31)

Defendant Schentrup is correct that a trust, like a corporation, must be

represented by an attorney.  *See, e.g.,Callaway v. Hornbake*, 2012 WL 333769, at *3

(M.D. Fla. 2012) ("a non-lawyer cannot represent a trust in litigation") (citing *United*

*States v. Lena*, 2007 WL 4578336, at *1 (S.D. Fla. 2007); *see also C.E. Pope Equity*

*Trust v. United States*, 818 F. 2d 696, 697 (11th Cir. 1987).   Defendant Schentrup is

also correct that a trust does not have standing to bring the claims set forth in the Third

Amended Complaint.  All of the claims are based on events that happened to Brandon

Walker personally, and none of the trust's constitutional rights were violated in the

scenario Plaintiff presents in his Third Amended Complaint.  *See, e.g., Alexis, Inc. v.*

*Pinellas County, Florida,* 194 F. Supp. 2d 1336, 1342 (M.D. Fla. 2002) (describing

standard for corporations establish standing to challenge constitutional violations.)

(Doc. 25.)

Plaintiff does not dispute these arguments, as he has filed a motion for leave to

amend his complaint, noting that he "erroneously filed the Third Amended Complaint in

the improper capacity as Trustee."  (Doc. 31.)  Plaintiff seeks leave to file a Fourth

---

[1]Pursuant to Eleventh Circuit Rule 36-2, unpublished opinions are not considered binding precedent, but may be cited as persuasive authority.

Amended Complaint so that he can pursue the claims personally and cite a federal statute upon which to base his claims.  Plaintiff also wishes to amend to address "distorted assertions" in Defendant Schentrup's Motion to Dismiss.

The Federal Rules of Civil Procedure provide that leave to amend a pleading "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  Case law confirms that such leave should be given in the absence of compelling circumstances, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *McKinley v. Kaplan*, 177 F.3d 1253, 1258 (11th Cir. 1999) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  *See also Rowe v. Florida School for the Deaf and Blind, et al.*, 176 F.R.D. 646, 649 (M.D.Fla. 1997) (in determining whether to grant leave to file an amended pleading, the Court considers: (1) whether the amendment would be prejudicial to the opposing party, (2) whether there was bad faith or undue delay on the part of the moving party, and (3) whether the amendment sought is futile).

Considering these factors, the Court finds that leave to amend is due to be granted, to the extent that Plaintiff is permitted to amend the Third Amended Complaint to reflect that: (1) he is filing suit in his personal capacity, and not as trustee; and (2) to cite any applicable statutes upon which his claims are based.  Plaintiff need not rebut any "distorted assertions" in the motion to dismiss, as the appropriate vehicle for that would have been a response to the motion to dismiss.  Plaintiff is reminded that,

pursuant to Fed. R. Civ. P. 8(a)(2), his complaint should contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

## B.  Defendant Urra's Motion to Dismiss

Even if Plaintiff submits a Fourth Amended Complaint in his personal capacity, such amendment would be futile as to Defendant Urra because those claims are barred by the doctrine of absolute prosecutorial immunity.  Plaintiff claims against Defendant Urra arise from his alleged failure "to solicit any solid and indubitable evidence before filing frivolous charges" against Plaintiff and because after Plaintiff's sentence was vacated, Defendant Urra initiated prosecution of Plaintiff in a separate case.  (Doc. 15, pp. 4-5.)

The Supreme Court has recognized that the judicial function and prosecutorial function are cloaked with absolute immunity, with certain narrow exceptions.  *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985). ("Prosecutors have absolute immunity from civil damages suits under section 1983 for actions intimately associated with the judicial phase of the criminal process."); *Barr v. Gee*, No. 11–10104, 2011 WL 3585815, at *8 (11th Cir Aug. 16, 2011)(per curiam) ("A prosecutor is absolutely immune from suit for all actions that he takes while performing his function as an advocate for the government.").  Here, Plaintiff's claims against Defendant Urra are clearly barred by the doctrine of prosecutorial immunity and are due to be dismissed with prejudice.

# V.  CONCLUSION

Accordingly, upon due consideration, it is **ORDERED** that:

1.    Plaintiff's motion to amend (Doc. 31) is **GRANTED IN PART.**  Plaintiff may file a Fourth Amended Complaint so that he can file in his personal capacity and, if necessary, cite any statutory authority on which he relies. In all other respects, the motion to amend is denied.

2.    The Clerk is directed to send Plaintiff a blank civil rights complaint form for use by a *pro se* (non-prisoner) litigant.

3.    Plaintiff shall fully complete the complaint form.  In amending his Complaint, Plaintiff shall not refer back to any previous complaint or incorporate any part of previous complaints by reference.  Plaintiff shall file the fourth amended complaint, titled as such, together with an identical copy for each Defendant, **on or before April 16, 2014.**

4.    Failure to comply with this order within the allotted time, or to show cause why Plaintiff is unable to comply, will result in a recommendation to the district judge that the case be dismissed without further notice for failure to prosecute or for failure to state a claim.

It is also respectfully **RECOMMENDED** that:

1.    Defendant Schentrup's Motion to Dismiss (Doc. 25) be **DENIED AS MOOT** in light of the fact that Plaintiff has been granted to leave to amend his complaint to sue in his personal capacity, not as a trustee.

2.    Defendant Urra's Motion to Dismiss (Doc. 28) be **GRANTED.**  Plaintiff's claims against Defendant Urra should be **DISMISSED WITH PREJUDICE** for failure to state a claim.

**IN CHAMBERS**  this 17th day of March 2014.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.