IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

BRANDON WALKER,

    Plaintiff,

v.                                               CASE NO. 1:13-cv-59-MW-GRJ

MICHAEL SCHENTRUP,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 40, Plaintiff's May 19, 2014 response to the Court's Order to Show Cause (Doc. 37), which instructed Plaintiff to show cause why he failed to meet the April 29, 2014 deadline to file his Sixth Amended Complaint.

## Background

Plaintiff, who is proceeding *pro se*, alleges in his Third Amended Complaint (Doc. 15) that his probation officer Sarah Bowie, state prosecutor Adam Urra, and Gainesville Police Department Lt. Michael Schentrup violated his constitutional rights in connection with a search of his home that led to charges of firearm and drug possession.  Plaintiff failed to timely serve Sarah Bowie and ignored the Court's directives to provide an address for her.  (Docs. 16, 21, 27.)  Adam Urra's motion to dismiss has been granted, and claims against him were dismissed with prejudice for failure to state a claim.  (Docs. 32, 33.)  Plaintiff was given leave to amend his Third Amended Complaint as to Lt. Schentrup, because as Lt. Schentrup correctly pointed out in his motion to dismiss, Plaintiff lacked standing as a trustee to file this civil rights suit but styled his Third Amended Complaint as being brought *pro se* by "Brandon Walker, as trustee of

Brandon Terence Walker Living Trust." (Docs. 32, 33.)  Plaintiff subsequently filed Fourth and Fifth Amended Complaints (Docs. 34, 35), but these were stricken.  In particular, the Fifth Amended Complaint was not filed on the Court's form, was unsigned, failed to state the nature of his claims or the specific relief sought, included unnecessary modifiers as to Plaintiff's name, and did not contain a proper mailing address.  (Doc. 36.)  Plaintiff was given specific instructions to cure these defects, and to file a Sixth Amended Complaint on or before April 29, 2014.  Plaintiff failed to file the Sixth Amended Complaint by the Court's deadline, and on May 7, 2014, the Court issued an Order to Show Cause why the Sixth Amended Complaint.  (Doc. 37.)  Plaintiff has filed a response.  (Doc. 40.)

**Failure to File Sixth Amended Complaint**

In his response, Plaintiff first objects to the Court's previous dismissal of state prosecutor Adam Urra from the case, which Plaintiff contends is inconsistent with the Pope's September 1, 2013 decree abolishing prosecutorial immunity.  The Pope's decree is inapplicable to this case, and any objection is out of time because those claims were dismissed with prejudice on April 7, 2014. (Doc. 33.)  Plaintiff had the opportunity to file objections to the Report and Recommendation recommending that Mr. Urra's motion to dismiss be granted (Doc. 32), but filed none.

More relevant to the reason he did not timely file a Sixth Amended Complaint, Plaintiff states that he was arrested in the Clerk's Office on April 29, 2014; that he was not receiving his mail; and that he is not required to use this Court's form.  Plaintiff does not request an extension of time and has not provided the Court with a Sixth Amended Complaint.  (Doc. 40.)

Plaintiff's arrest does not excuse him of his responsibility to comply with this Court's orders. Plaintiff was arrested April 29, 2014 for causing a disturbance in a federal building, and was detained until his May 2, 2014 trial. The undersigned presided over those criminal proceedings, where Plaintiff was found guilty, placed on one year of probation, and released the day of his trial. *United States v. Walker,* N.D. Fla. Case No. 1:14-mj-12-GRJ. Plaintiff offers no reason for failing to comply with the Court's Order prior to the final day of his deadline or for failing to submit the Sixth Amended Complaint promptly upon his release.

As to Plaintiff's complaint that he did not previously receive the Court's Order directing to him amend, Plaintiff has repeatedly failed to provide the Court with a proper address, and for example, has signed his response (Doc. 40) with his address as "General-Post Office, Gainesville. Nation, Florida. Non-U.S./Non-Domestic. Zip omitted per DMM 603./1.3(e)2." Any failure to receive mail is due to Plaintiff's decision to repeatedly submit addresses to the Court that do not conform with U.S. Postal Service conventions.

Finally, as to Plaintiff's argument that he is not required by 42 U.S.C. § 1983 to use the Court's form, Plaintiff is referred once again to Local Rule 5.1(J)(2), which provides that: "No . . .civil action commenced by *pro se* litigants under 42 U.S.C. § 1983 . . . shall be considered by the court unless the appropriate forms have been completed, signed, and filed by the litigant." As the Court explained to Plaintiff in the Order striking his Fourth and Fifth Amended Complaints and directing him to file a Sixth Amended Complaint: "The failure to utilize the Court's form is not a mere technicality. Because Plaintiff has not used the Court's form, he has failed to specify the nature of

his claims or the relief sought." (Doc. 36, p. 2.)

A trial court has inherent power to dismiss a case *sua sponte* for failure to prosecute. *Link v. Wabash Railroad*, 370 U.S. 626 (1962); *Eades v. Alabama Dept. of Human Resources*, 298 Fed. Appx. 862 (11th Cir. 2008) (district court has discretion to dismiss case *sua sponte* where plaintiff has failed to comply with court orders and was on notice that such failure may result in dismissal). The court also has the inherent ability to dismiss a claim in light of "its authority to enforce its orders and provide for the efficient disposition of litigation." *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (citation omitted). Dismissal with prejudice is only proper if the district court finds a "clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." *Betty K Agencies, Ltd. v. M/V Monada,* 432 F.3d 1333, 1337 (11th Cir. 2005).

Here, there is a clear record of delay and willful conduct to warrant dismissal with prejudice. For example, the most recent Order to Show Cause (Doc. 37) is the **fourth** Order to Show Cause the Court has issued in this case due to Plaintiff's failure to comply with the Court's orders and deadlines in the case. On September 27, 2013, the Court issued an Order to Show Cause when Plaintiff did not timely file an amended complaint. (Doc. 11.) Plaintiff did not move for an extension of time until after the Order to Show Cause was issued. (Doc. 12.) On January 27, 2014, the Court issued an Order to Show Cause to Plaintiff why he had not provided the Court with an address for Defendant Bowie. (Doc. 27.) Plaintiff did not respond to the Order. On February 26, 2014, the Court issued an Order to Show Cause to Plaintiff why he had not responded to Defendant Urra and Schentrup's motions to dismiss. (Doc. 30.) Again,

Plaintiff ignored the Court's Order. In each of the Orders to Show Cause (Docs. 11, 27, 30, 37), Plaintiff was warned that his failure to respond or comply with the Court's Orders could result in the dismissal of his case.

In addition to repeatedly ignoring the Court's deadlines, Plaintiff has also ignored the Court's directives regarding filing his amended complaints on the proper forms and to provide the Court with a proper address. The Court struck Plaintiff's Fourth and Fifth Amended Complaints, which suffered from various deficiencies, such as not being on the Court's form, not being signed, and not providing a sufficient address. (Doc. 36.) In the April 9, 2014, Order striking Plaintiff's Fourth and Fifth Amended Complaints, the Court advised Plaintiff that he "is required to provide the Court with a proper mailing address that conforms with U.S. Postal Service conventions so that the Court can ensure that all filings are properly mailed." (Doc. 36, p. 3.) Despite these instructions from the Court, on May 14, 2014, Plaintiff filed a notice of change of address with the Court (Doc. 38) requesting that the Court send his mailings to: "General-Post Office, Gainesville, Fla. zip omitted per DMM 122.321 (60211.3(c)2)." Accordingly, the Court struck Plaintiff's change of address. (Doc. 39.)

Plaintiff has repeatedly flouted this Court's instructions and most recently has failed to provide the Court with a Sixth Amended Complaint by the April 29, 2014 deadline. In his response to the Court's Order to Show Cause why the Sixth Amended Complaint was not timely filed, Plaintiff has failed to show good cause why he did not meet the Court's deadline. More importantly, Plaintiff has failed to move for an extension of time or provide the Sixth Amended Complaint along with this response. Plaintiff asserts that he is capable of pursuing the action but will not do so without

"equitable recognition of the procedures used, proper instructions, and the [statute] stating that a plaintiff must use Civil Rights form 42 USC 1983 to commence a civil action." (Doc. 40, p. 2.) The Court has repeatedly issued Plaintiff detailed instructions and explained why he is required to use the Court's form, yet he has still refused to comply with the Court's orders and provide a Sixth Amended Complaint. Plaintiff's response suggests that he intends to direct the Court to act in a certain way before he will comply with the Court's orders. This is wholly inappropriate. The case cannot proceed until Plaintiff files a Sixth Amended Complaint, and he has refused to do so. For all of the reasons discussed above, Plaintiff's case is due to be dismissed for failure to prosecute and failure to comply with Court orders.

**Motion for Recusal**

In his response to the Order to Show Cause (Doc. 40), Plaintiff asserts that it is a conflict of interest for the undersigned to preside in this civil matter when he also presided over Plaintiff's federal misdemeanor case. Plaintiff requests "to know the procedure to remove [the undersigned] from hearing the case/claim as the matter would be become a biased one not procedurally in [Plaintiff's] favor." (*Id.* at p. 2.) To the extent Plaintiff is moving to recuse the undersigned from this case, the request is due to be denied.

The standard for recusal under 28 U.S.C § 455(a) is an objective one, requiring a court to ask "whether an objective, disinterested lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Bolin v. Story*, 225 F. 3d 1234, 1239 (11th Cir. 2000). To satisfy the requirements of § 455(a) a party must offer facts, not merely

allegations, that evidence partiality. *See United States v. Cerceda*, 188 F.3d 1291, 1292 (11th Cir. 1999)("[a] charge of partiality must be supported by some factual basis ... recusal cannot be based on 'unsupported, irrational or highly tenuous speculation'"). A party should not be permitted to recuse a judge on unsupported, irrational or highly tenuous speculation. *United States v. Greenough*, 782 F.2d 1556, 1558 (11th Cir. 1986.) "[I]f this occurred the price of maintaining the purity of the appearance of justice would be the power of litigants or third parties to exercise a veto over the assignment of judges." *Id.*

Plaintiff's motion is based upon conjecture, speculation, and his fear that "the matter could become a biased one," rather than upon any facts that evidence impartiality by the undersigned. (Doc. 40, p. 2.) This is not a basis for recusal. Therefore, because Petitioner's motion fails to state sufficient grounds for recusal, Petitioner has failed to demonstrate that any reasonable individual could entertain significant doubt about the impartiality of the undersigned. *See* 28 U.S.C § 455(a).

In light of the foregoing, it is respectfully **RECOMMENDED** that:

1. This case should be **DISMISSED WITH PREJUDICE** for failure to comply with court orders and failure to prosecute.

2. Plaintiff's motion to recuse the undersigned, Doc. 40, should be **DENIED.**

**IN CHAMBERS** at Gainesville, Florida, this 28th day of May 2014.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.